D. R. BURBANK'S ADM'R, ET AL., *v.* E. G. HALL, ET AL.

**Surrender of Note—Non-Delivery of Note—Consideration.**

A note signed as and for additional security, or to indemnify securities on another note which is newer, delivered to the persons to whom it was to be given, is without consideration in the other's hands, and on demand of those signing it should be surrendered to them.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

September 5, 1878.

OPINION BY JUDGE ELLIOTT:

Thomas A. Knight and B. C. Allen, on the 17th of September, 1873, executed their promissory note to W. Marshall and T. D. Taylor, administrators of the estate of D. R. Burbank, for the sum of $8,684.05, with B. F. and G. B. Martin as their surety.

At the time of the execution of this note Knight and Allen were partners, but after its execution the firm was dissolved by Allen purchasing the interest of his partner. It appears Knight became uneasy about Allen's ability to pay the note to Burbank's administrators, and to quiet his fears Allen procured the appellees, E. G. Hall and I. C. Allen, to execute a note for $4,000 for his indemnity, and deposit with L. H. Lythe, an officer of a bank at Henderson. It seems that Burbank's administrators were threatening to sue on the note for over eight thousand dollars, and B. C. Allen, who was anxious to get time on his indebtedness, went to Louisville and procured E. G. Hall and I. C. Allen to execute the following note:

."$3,000.00.                                          Louisville, Ky.,
                                                      July, 1875.

Six months after date we promise to pay to the order of W. J.
Marshall and T. D. Taylor, administrators, $3,000, without defalca-
tion, value received.   Negotiable and payable, being collateral on
balance note to them dated 17th of September, 1873.

Signed,  E. G. Hall,
         I. C. Allen."

This note, according to B. C. Allen's evidence, was handed to
his former partner, Knight, to be by him delivered to the obligees,
Burbank's administrators.   Instead of the delivery of the note to
the obligees, whoever received it from B. C. Allen delivered it to L.
H. Lythe at the Farmers' Bank in Henderson.

It is contended by B. F. and G. B. Martin, the surety on the large
note to Burbank's administrators, that, having become uneasy about
Allen and Knight's ability to pay it unless immediately coerced, they
notified the obligees to immediately bring suit on it, but that shortly
after this notification they met B. C. Allen, who promised to obtain
the three thousand dollar note in dispute and deliver it to them for
their indemnity, which he afterward did, and that one of them de-
livered it to the officer of the bank, Lythe, to keep it till they paid
its amount on the note on which they were surety, when the note
was to belong to them, and they prove that they afterward gave
their note and additional security for $3,000, of the note to Bur-
bank's administrators, signed by them as surety of Knight and
Allen.

The note of $3,000 in dispute remained in the possession of Lythe
till after E. G. Hall and I. C. Allen brought their suit to have it
delivered up and canceled on the ground that it had been executed
to enable B. C. Allen to obtain further indulgence from Burbank's
administrators, and that having been delivered by them to B. C.
Allen for that and no other purpose, and Allen having failed to ob-
tain the indulgence, and Burbank's administrators never having re-
ceived the note or accepted it as a collateral security for their debt,
the same was without consideration, and even if executed upon a
valuable consideration, as it had never been received by the obligees,
it had become unobligatory, and having ceased to be binding they
were entitled to its possession.   Hall and Allen further charge that
the note in dispute was to be only delivered and held by Burbank's
administrators as collateral security, and only to be enforced on their
failure to make the large note out of the property of the principals

and sureties who had executed it. After the institution of the suit by Hall and Allen for the cancelation of the note in dispute, Burbank's administrators brought a suit to enforce its payment in which they state that it was executed for the benefit and indemnity of B. F. and G. B. Martin, and that after its deposit with Lythe the Martins had given him additional security on $3,000 of this large debt on Knight.and Allen, with them as surety, and had received the note from Lythe and assigned it to them, and they therefore asked for judgment for its amount.

The evidence is conflicting as to the purpose for which the note of $3,000 in dispute was executed, but the obligors, Hall and Allen, prove that they executed it to enable B. C. Allen to obtain indulgence from Burbank's administrators on the large note on which the Martins were sureties, and that it was merely to be considered as collateral security for the large note or to make up any loss that Burbank's administrators might suffer by the indulgence of the obligees on the large note till they failed or became unable to pay any part of it.

We are of the opinion that the note itself is strong evidence that it was intended merely as additional security or to make the obligees in the $8,684.05 note safe to the extent of the smaller note. It was executed to the obligees of this note, and expresses on its face that it is "collateral on balance" of it, and the evidence preponderates to the conclusion that it was delivered by Knight to Lythe and held by him until after this suit was brought; and as neither Hall nor Allen, or anyone else, ever delivered it to the persons to whom it was executed, or in other words, as it was an executed but an undelivered instrument in the hands of Lythe, and as no consideration had been received for it by either Hall and Allen or B. C. Allen, it is our opinion that Lythe should have delivered it up to the obligors, Hall and Allen, when asked so to do; and we are also of opinion that as Burbank's administrators never received the note in dispute and never contracted to take it in any way till after the commencement of Hall and Allen's suit, by which they indicated their refusal to deliver it as their obligation, the court properly dismissed their suit to enforce its payment.

Wherefore, these suits being consolidated, the judgments of the lower court are *affirmed*.

*Vance & Merritt, for appellants.*

*R. H. Cunningham, H. F. Turner, for appellees.*